UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Delna R. Springs,<br>Plaintiff, | CASE NO.:  2:24-cv-3798-BHH-MGB |
| v. | **COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |
| The Boeing Company,<br>Defendant. | |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (hereinafter "Title VII").

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. Three (3) charges of employment discrimination on basis of disability discrimination and retaliation were filed with Equal Employment Opportunity Commission ("EEOC").

    b. All Notifications of the Right to Sue were received from the EEOC on or about March 22, 2024.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. The Plaintiff, Delna R. Springs, is a citizen and resident of the State of South Carolina and resides in Charleston County, South Carolina.

4. Defendant, The Boeing Company, upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of Title VII and the ADA.

7. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADA.

8.   The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

9.   Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. In or around July 2011, the Plaintiff began working for Defendant as a MT Mechanic B.

11.  The Plaintiff had previously been diagnosed with a back injury that occurred from an on-the-job injury in 2016.  Because of this condition, the Plaintiff is a person with a serious medical condition as defined by the ADA.

12.   During the course of his employment, Plaintiff's treating physician advised him to work with light duty restrictions due to his back injury.

13. In the beginning of 2020, Plaintiff presented his doctor's note to his manager, and requested light duty work as the doctor had advised.  Plaintiff was placed in a desk job that accommodated his work restrictions.

14. In or around October of 2022, a new manager, Aaron Wyman, started, and placed Plaintiff into a reassignment/accommodation portal and instructed him to apply for the desk job he was already performing.  Plaintiff applied for that position as well as other positions that would accommodate his restrictions, but he was never given any of the positions.

15. In or around November 2022, Plaintiff was instructed by Suzie Saldano, Boeing Reassignment Focal, to get his doctor to change his restrictions, so that he could "climb ladders" occasionally and there would be more job openings for Plaintiff.

16. Plaintiff's doctor did change his restrictions, but Defendant refused to accept it.  In or around February 2023, Defendant made the Plaintiff undergo a functional capacity evaluation (FCE) with Defendant's doctor directing it.  At the time of the FCE both of Plaintiff's feet were in wraps due to an infection, and Defendant would not wait until the wraps were off to conduct the FCE.

17. As a result of the FCE, Plaintiff was given new restrictions by the Defendant's doctor and in retaliation for requesting light duty accommodation, the Plaintiff was terminated on or about March 3, 2023, and was escorted out of the building.

18. Any stated reasons for Plaintiff's termination were pretextual in nature.  His termination, in reality, was discriminatory on the basis of his disability and in retaliation for requesting reasonable accommodations.

19.  At all times relevant to this Complaint, Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects.

20. Through the last couple of years of Plaintiff's employment, Plaintiff pointed out safety violations and shortcuts taken by Defendant in its processes. When Plaintiff would point out said issues, Plaintiff was told to stop. Plaintiff asked that those complaints go up the chain of command and they did not.

21. Plaintiff had to choose between doing things in a safe fashion or keeping his job. Said authorities violated a number of regulations.

## FOR A FIRST CAUSE OF ACTION
### Violation of the ADA – Failure to accommodate

22. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

23. The Plaintiff is an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

24. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of his job in Defendant's employ.

25. As a result of his disability, the Plaintiff requested reasonable accommodation as he was placed on light duty by his treating physician.

26. The Defendant was instructed to apply for a desk position to provide accommodation to the Plaintiff.

27. The Defendant has also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodations.

## FOR A SECOND CAUSE OF ACTION
### Violation of the ADA – Retaliation

28. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

29. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

30. Plaintiff's requested accommodations were made in good faith and constituted protected activity under the ADA.

31. Shortly after requesting said accommodations, the Defendant fired the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

32. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

33. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

34. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

### FOR A THIRD CAUSE OF ACTION
**Wrongful Discharge in Violation of Public Policy**

35. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

36. That the unjust wrongful discharge and termination of Plaintiff's employment with the Defendant was the response of the Defendant, its agents and servants, to Plaintiff's refusal to allow improper and illegal practices of the business due to Defendant's disregard of the proper safety guidelines in building aircraft.

37. That the aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature.

38. That the aforesaid wrongful discharge of Plaintiff's employment by the Defendant, its agent and servants, constitutes a violation of a clear mandate of public policy of the State of South Carolina.

39. That as a direct and proximate result of the aforesaid conduct of the Defendant, its agents and servants, Plaintiff has been damaged as aforesaid, both actual and punitive damages, in such amount as a judge and jury may award.

### REQUEST FOR RELIEF

40. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

41. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1.   Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;

2.     Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits in such an amount to be determined by the trier of fact;

3.     Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits he lost in such an amount to be determined by the trier of fact;

4.     Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest;

5.     Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

6.     Judgment in favor of the Plaintiff and against the Defendant for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/ *Jarrel L. Wigger*
Jarrel L. Wigger (Fed. I.D. #6345)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
July 1, 2024.